[Cite as *Kammerman v. Ohio Dept. of Transp.*, 2010-Ohio-5577.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEVEN J. KAMMERMAN

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2010-02103-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Steven J. Kammerman, filed this action against defendant, Department of Transportation (ODOT), contending that his 1990 Nissan Maxima SE was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 South in Hamilton County. Specifically, plaintiff related that the left front wheel, tire, and front struts on his car were damaged as a result of striking a pothole located "on the entrance ramp to I-71 southbound at Exit 11 (Kenwood Rd.)." Plaintiff filed this complaint requesting damage recovery in the amount of $864.63, the total cost of replacement parts and related repair expenses needed resulting from the described incident. Plaintiff recalled that his property damage event occurred on February 2, 2008 at approximately 11:00 p.m. The filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 2, 2008 described occurrence. Defendant located the pothole "at milepost 11.81 on I-71 in Hamilton County" and advised that ODOT "phone logs for the

district office responsible for Hamilton County show that no pothole complaints are on file" regarding a defect at milepost 11.81 on Interstate 71. Defendant recorded no pothole complaints at that location despite the fact that "[t]his section of roadway has an average daily traffic count between 108.170 and 120,810 vehicles." Defendant argued that plaintiff did not offer any evidence to establish the length of time that the pothole was present on the roadway prior to 11:00 p.m. on February 2, 2008. Defendant further argued that plaintiff did not present any evidence to prove his property damage was attributable to any conduct on the part of ODOT personnel.

{¶ 3} Furthermore, defendant asserted that plaintiff failed to produce any evidence to show the roadway was negligently maintained by ODOT. Defendant noted that the ODOT "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered at milepost 11.81 on Interstate 71 the last time that section of roadway was inspected prior to February 2, 2008. The claim file is devoid of any Hamilton County inspection records. Defendant pointed out that the particular location of Interstate 71 "was in relatively good condition at the time of plaintiff's incident." Defendant stated "that if ODOT personnel had detected any potholes they would have been reported and promptly scheduled for repair."

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD ; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 8} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the length of time that the particular pothole was present. Size of the defect (pothole) is insufficient to

show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEVEN J. KAMMERMAN

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2010-02103-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Steven J. Kammerman                Jolene M. Molitoris, Director
7222 Creekview Drive #1            Department of Transportation
Cincinnati, Ohio  45247            1980 West Broad Street
                                   Columbus, Ohio  43223

RDK/laa
6/23
Filed 7/28/10
Sent to S.C. reporter 11/15/10